[No. 15533. Department Two. December 1, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Walter Cline, Plaintiff*, v. THE SUPERIOR COURT FOR LEWIS COUNTY *et al., Respondents.*[1]

MANDAMUS (29) — CRIMINAL PROSECUTIONS — COMPELLING FILING INFORMATION. Mandamus does not lie to compel the filing of an information and trial of accused, held by a committing justice, although accused had waived examination, where the justice retained the cause for examination; since the right of the superior court to control the action arises only after the justice's return.

Application filed in the supreme court September 16, 1919, for a writ of mandamus to compel the superior court for Lewis county, Reynolds, J., to direct the filing of a criminal information and to proceed with the trial thereof. Denied.

*Gus L. Thacker,* for relator.

*Herman Allen,* for respondents.

FULLERTON, J.—In this proceeding the relator seeks a peremptory writ of mandamus, directed to the judge of the superior court of Lewis county and the prosecuting attorney of the same county, requiring those officers to cause a criminal information to be filed against the relator and to proceed with the trial thereof. On an *ex parte* showing of the relator, an alternative writ was issued, to which the officers named have made return. The record as it is now before us discloses the following facts: On June 14, 1919, the relator was charged, by an information filed in the superior court of Lewis county, with the crime of murder in the first degree. He was arrested under a warrant founded on the charge and held without bail. Later on he entered a plea of not guilty to the charge,

[1]Reported in 185 Pac. 605.

and the court set the cause for trial on September 4, 1919. At the time fixed for the trial, the court was engaged in hearing another criminal cause and the relator's cause was continued until a later day. When the cause was finally called for trial, the prosecuting attorney moved its dismissal for reasons stated in the record which need not be noticed here. After the dismissal, the relator was arrested on a criminal warrant issued by a justice of the peace sitting as magistrate, charging him with murder in the second degree, the act of the relator giving rise to the charge being the same act on which the information filed in the superior court was founded. He was immediately taken before the justice of the peace issuing the warrant, where he offered to waive examination, requesting at the same time that he be committed to answer to the charge in the superior court. The relator, however, did not offer to enter into a recognizance for his appearance in the superior court; on the contrary, he stated that he was unable to furnish bail, whereupon the justice of the peace retained the cause for examination, committing the relator to jail. The relator, through his counsel, then requested the prosecuting attorney to immediately file an information against him in the superior court so that he could be tried at the then pending jury term, and on the prosecutor's refusal so to do, applied to the judge of the superior court for an order compelling him to act. This application the judge denied, and this proceeding was instituted as before recited.

It is manifest from the facts recited that no reason exists for the interference of this court. The justice of the peace had not only made no return of his proceedings to the superior court, but, in so far as the record discloses, had not concluded his examination into the charge made against the relator. The right

of the superior court to control the action of the prose-
cuting attorney with regard to filing an information
against a person charged with crime before a magis-
trate arises only after the magistrate has concluded
his examination and made return of his proceedings
into the superior court.  There was, therefore, noth-
ing pending before the superior court on which the
judge could base an order such as the one the relator
applied for, and, in consequence, no action or inaction
on the part of the judge which this court can control
by a writ of mandamus.

It may be that, had the justice of the peace accepted
the relator's offer to waive examination and had neg-
lected to make return thereof for more than ten days,
the superior court would have authority to compel
such a return by some form of order, or, if return had
been made and the prosecuting attorney had neglected
for an unreasonable time to file an information in ac-
cordance with the return, the superior court could by
order compel him so to do; but neither of these ques-
tions are presented in this record, and it is needless
to discuss the rights of the respective parties under
such situations.  The record here shows no error either
in the form of an abuse of discretion or otherwise on
the part of the trial judge, and the peremptory writ
asked for must be refused and the alternative writ
issued quashed.  It is so ordered.

HOLCOMB, C. J., MOUNT, MITCHELL, and TOLMAN, JJ.,
concur.